{¶ 30} I concur with the majority's disposition of appellant's sole assignment of error, but disagree with the majority's analysis with respect to appellant's fifth claim for relief.
 {¶ 31} Appellant, in his fifth claim for relief, alleged that his counsel was ineffective in failing to hire and present expert testimony to challenge the evidence given by the nurse practitioner who examined the victim.
 {¶ 32} While the trial court found, and the majority appears to agree, that this matter was res judicata because it could have been raised on direct appeal, I disagree. Appellant's ineffective assistance claim based on his attorney's failure to hire an expert required the presentation of evidence outside the trial record. See State v. Jenkins,
Miami App. No. 2003-CA-1, 2003-Ohio-4428. As noted by the court inJenkins, review of such issue would require evidence regarding why trial counsel did not call such an expert and what the expert would have told the jury. In short, it would be necessary for appellant to present evidence de hors the record to establish his claim. For such reason, I believe that appellant's fifth claim for relief is not barred by the doctrine of res judicata.
 {¶ 33} However, while I find that appellant's fifth claim for relief is not barred by the doctrine of res judicata, I concur that it is time-barred.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.